UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BRIAN K. CLOUSE, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> SUCCESS SYSTEMS, LLC, d/b/a § <br> THE CREDIT PROS, § <br> § <br> Defendant. § | SA-23-CV-1380-OLG (HJB) |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Defendant's Motion to Dismiss (Docket Entry 13.) Pretrial matters in this case have been referred to the undersigned for consideration. (*See* Docket Entry 8.) For the reasons set out below, I recommend that Defendant's motion (Docket Entry 13) be **GRANTED IN PART** and **DENIED IN PART**.

**I.     Jurisdiction.**

Plaintiff's presents claims under the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679b(a)(3), 1679b(a)(4), 1679b(b), 1679c, & 1679d, and the Texas Credit Services Organizations Act ("TCSOA"), Tex. Fin. Code §§ 393.102 393.304 & 393.305. (Docket Entry 23.) The Court has original jurisdiction over claims arising under federal statutes pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over related state-law claims pursuant to 28 U.S.C. § 1367. The undersigned issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).

**II.     Background.**[1]

Defendant is a credit repair organization offering consumers the ability to improve their credit. (Docket Entry 23, at 2.)  In approximately May of 2022, Plaintiff spoke with an agent of Defendant over the phone regarding its services. (*Id.*) During the conversation, the agent advised that its services would include disputing various pieces of information on Plaintiff's credit reports and that, by doing so, such information would be removed and would no longer impact Plaintiff's credit, thereby improving it. (*Id.* at 3.) The agent represented that Defendant would be able to dispute and ultimately remove information from Plaintiff's credit report which was not inaccurate, obsolete, or otherwise properly subject to removal. (*Id.*) The agent further represented that Plaintiff could expect a 150 point increase in his credit score within a few months of signing up for Defendant's services. (*Id.*)

Based on these representations, Plaintiff agreed to use Defendant's services and entered into a contract with Defendant for its provision of said services. (Docket Entry 22, at 3.) Plaintiff paid an up-front fee to Defendant prior to Defendant's providing or fully completing any services for Plaintiff, and subsequently began making $150 monthly payments. (*Id.*) Plaintiff made payments for approximately seven months. (*Id.*)

Despite making several hundreds of dollars in payments, Plaintiff never reaped the benefits to his credit that were promised by Defendant. (Docket Enry 23, at 4.) The majority of challenged items were never removed from Plaintiff's credit report, and any improvements to his credit score were negligible at best—he certainly did not receive the 150 point increase which Defendant

---

[1] Because Defendant seeks dismissal at the pleadings stage, the Court accepts as true the well-pleaded facts from Plaintiff's complaint. *See Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

represented its services would provide. (*Id.*)  Plaintiff cancelled the agreement, and Defendant did not refund Plaintiff's payment. (*Id.* at 4–5.)

In his Second Amended Complaint,[2] Plaintiff presents two causes of action (or counts), the first under the CROA and the second under the TCSOA. (Docket Entry 23, at 5-9.)  Defendant has moved to dismiss part of Plaintiff's claims under each count, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 13.)  With regard to the CROA count, Defendant seeks to dismiss part (a), which presents claims under 15 U.S.C. § 1679b(a)(3) and §1679b(a)(4). (*Id.* at 5; *see* Docket Entry 23, at 5–7.)  With regard to the TSCOA count, Defendant seeks to dismiss part (b), which presents claims under Texas Finance Code §§ 393.304(1) and 393.305. (Docket Entry 13, at 5; Docket Entry 23, at 8–9.)  As to these portions of Plaintiff's complaint, Defendant argues that the claims allege fraud, and thus are subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b); Defendant asserts that Plaintiff's complaint does not meet this requirement. (*Id.* at 5–9.)  Plaintiff responds that Rule 9(b) is inapplicable to these claims, and that, in any event, his complaint meets the Rule 9(b) standard. (Docket Entry 14, at 4–15.)

## III.   Analysis.

The Court may dismiss a cause of action in a complaint when it fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  Claims may be dismissed under Rule 12(b)(6) "on the basis of a dispositive issue of law," *Neitzke v. Williams*, 490 U.S. 319, 326 (1989), or a plaintiff's failure to allege "enough facts to state a claim to relief that is plausible on its face,"

---

[2] Defendant's motion to dismiss was filed in response to Plaintiff's First Amended Complaint. (*See* Docket Entry 13, at 1.) However, Plaintiff filed the Second Amended Complaint only to provide the proper name for Defendant, and Plaintiff conceded in seeking the amendment that the filing of the Second Amended Complaint did "not impact or relate to the issues currently pending with Defendant's Motion to Dismiss, which are limited to the specificity of Plaintiff's factual allegations." (Docket Entry 22, at 2.)

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 555 (2007). When analyzing a motion to dismiss for failure to state a claim, the Court accepts "all well pleaded facts as true, viewing them in the light most favorable to the plaintiff." *United States ex rel. Vavra v. Kellogg Brown & Root, Inc.*, 727 F.3d 343, 344 (5th Cir. 2013). A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and rarely granted." *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013).

Under Rule 12(b)(6), a claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. This "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [pertinent] evidence. . . ." *Id.*

Although well-pleaded facts alleged in the complaint are presumed to be true, the Court does not extend this presumption of veracity to "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (citations omitted). "But just as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation." *Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024).

Normally, in considering a Rule 12(b)(6) motion to dismiss, the Court must consider only the general pleading requirements of Rule 8(a), which requires that the complaint contain "a short and plain statement showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To the extent a complaint alleges claims sounding in fraud, however, Rule 9(b) goes a step beyond the typical pleading standard and requires that the underlying factual circumstances be pleaded "with

4

particularity." FED. R. CIV. P. 9(b). While the requisite "particularity" varies with the circumstances of each case, Rule 9(b) generally requires specificity as to the time, place, contents, and the identity of the person making false representations. *Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elecs., Inc.*, 343 F.3d at 724; *see also Williams*, 112 F.3d at 179 (same).

In this case, Defendant argues that the special pleading requirements of Rule 9(b) are applicable to Plaintiff's claims under 15 U.S.C. §§ 1679b(a)(3) and 1679b(a)(4), and Texas Finance Code §§ 393.304(1) and 393.305, and that those pleading requirements have not been met. (Docket Entry 13, at 5–9.) Accordingly, this Report and Recommendation first considers whether Rule 9(b) applies to the claims before considering the allegations in Plaintiff's complaint.

A. *Whether Rule 9(b) Applies to Plaintiff's Claims.*

Rule 9(b) applies to complaints "alleging fraud." FED. R. CIV. P. 9(b). This does not mean, however, that it applies only to common-law or statutory fraud claims. "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not." *Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *see also Partain v. Mid-Continent Specialty Ins. Servs., Inc.*, 838 F. Supp. 2d 547, 558 (S.D. Tex. 2012) ("The requirements of Rule 9(b) 'apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud.'") (citation omitted). Accordingly, statutory claims that "sound in fraud" are subject to the Rule's requirements. *United States v. Marlin Med. Sols. LLC*, 579 F. Supp. 3d 879, 883 (W.D. Tex. 2022) (applying Rule 9(b) to complaint under False Claims Act); *see also Partain*, 838 F. Supp. 2d at 558 ("[C]laims alleging violations under the Texas Insurance Code that are 'substantively identical' to fraud are subject to

the Rule 9(b) pleading requirements."). This is true even in cases where fraud is not a necessary element of a claim. Even in such cases, "a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct," or "allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim," in which event "the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Slack v. Fair Isaac Corp.*, 390 F. Supp. 2d 906, 911 (N.D. Cal. 2005) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003)).

  *CROA §§ 1679b(a)(3) and 1679b(a)(4).* Count I(a) of Plaintiff's complaint alleges violations of subsections (a)(3) and (4) of the CROA, 15 U.S.C. § 1679b. Subsection (a)(3) provides that it is unlawful to "make or use any untrue or misleading representation of the services of the credit repair organization." 15 U.S.C. § 1679b(a)(3). Subsection (a)(4) makes it unlawful to "engage, directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization." 15 U.S.C. § 1679b(a)(4). Considering the plain statutory language, and the allegations in the complaint, it is clear that Plaintiff's § 1679b(a) claims sound in fraud. Subsection (a)(4) is expressly directed at "fraud or deception;" subsection (a)(3) is directed at "untrue or misleading representation[s]." And Plaintiff repeatedly alleges a course of misrepresentations and deceptive conduct in his complaint. (*See* Docket Entry 23, at 4–6.) As the court explained in *Slack*, the heightened pleading requirements of Rule 9(b) apply even though "the elements of fraud need not be proven to establish liability under section 1679b(a)(3)," at least where a "plaintiff's claims rely almost exclusively on defendants' allegedly 'misleading and deceptive' conduct." 390 F. Supp. 2d at 911–912. "Such

conduct 'sounds in fraud,'" and thus "it cannot be seriously disputed that the misrepresentations and omissions alleged in plaintiff's amended complaint fall within the scope of Rule 9(b)."[3] Count I(a), then, is subject to Rule 9(b)'s heightened pleading requirements.

*TCSOA §§ 393.304(1) and 393.305.*  Count II(b) of Plaintiff's complaint alleges violations of §§ 393.304(1) and 393.305 of the TCSOA.  Section 393.304(1) provides that a credit services organization or a representative of the organization may not: "make or use a false or misleading representation in the offer or sale of the services of the organization, including: (A) guaranteeing to 'erase bad credit' or words to that effect unless the representation clearly discloses that this can be done only if the credit history is inaccurate or obsolete; and (B) guaranteeing an extension of consumer credit regardless of the person's credit history unless the representation clearly discloses the eligibility requirements for obtaining such extension.  TEX. FIN. CODE § 393.304(1).  Section 393.305 provides that a credit services organization "may not directly or indirectly engage in a fraudulent or deceptive act, practice, or course of business relating to the offer or sale of the services of the organization.  TEX. FIN. CODE § 393.305.  As their language indicates, these statutes closely parallel the provisions of the CROA discussed above; indeed, neither party's pleadings

---

[3] The undersigned notes that *Slack* is an out-of-circuit decision. Neither party identifies controlling Fifth Circuit authority on the issue; Defendant, however, cites numerous district court decisions from around the country supporting its position, including a brief decision from the Northern District of Texas. (*See* Docket Entry 13, at 5–6 (collecting cases); Docket Entry 19 (citing *Purkerson v. Credit Pros Int'l Corp.*, 6:23-cv-00060-C (N.D. Tex. Dec. 18, 2023)). Plaintiff disputes the import of the out-of-district cases, and argues that the Northern District's decision in *Purkerson* is of limited persuasive authority, as the motion at issue in that case was unopposed. (*See* Docket Entry 20.) The argument regarding *Purkerson* is somewhat curious, since Plaintiff in that case was represented by the same counsel as Plaintiff in this case (*see* Docket Entry 19, at 1, n.1.) One would think that, if the issue were as clearly in his favor as Plaintiff suggests, his lawyers would have opposed application of Rule 9(b) in *Purkerson* as well. In any event, the undersigned finds that the plain language of §§ 1679b(a)(3) and (4), and the persuasive reasoning in *Slack*, support a ruling in Defendant's favor.

treat these provisions separately from the CROA.[4] Thus, for the reasons previously discussed, the TSCOA provisions—like the CROA provisions—sound in fraud: § 393.305 expressly prohibits fraudulent or deceptive acts, and § 393.304(1) prohibits the use of false or misleading representations. Accordingly, Rule 9(b) applies to Count II(b) as well.

> **B.** *Whether Plaintiff's Pleadings Meet the Rule 9(b) Standard.*

As noted above, Rule 9(b) generally requires specificity of the time, place, contents, and the identity of the person making false representations; however, "[w]hat constitutes 'particularity' will necessarily differ with the facts of each case." *Benchmark Elecs., Inc.*, 343 F.3d at 724 (quoting *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir.1992)). "Rule 9(b)'s ultimate meaning is context-specific, and thus there is no single construction of Rule 9(b) that applies in all contexts." *U.S. ex rel Grubbs v. Kanneganti*, 565 F.3d 180, 188 (5th Cir. 2009) (citations and footnotes omitted). "Depending on the claim, a plaintiff may sufficiently 'state with particularity the circumstances constituting fraud or mistake' without including all the details of any single court-articulated standard—it depends on the elements of the claim at hand." *Id.*

In this case, Defendant argues that Plaintiff's pleadings lack sufficient particularity as to (1) the identity of the speaker(s) who made the alleged deceptive or fraudulent representations; (2) when the alleged statements were made; (3) how the representations were made; (4) how the

---

[4] Although neither party directly cites any cases in support of their position regarding the application of Rule 9(b) to the TCSOA, one of the cases cited by Plaintiff does address the issue: *Ranzy v. Extra Cash of Tex., Inc.* No. H-09-3334, 2011 WL 6719881 (S. D. Tex. Dec. 21, 2011). (*See* Docket Entry 14, at 5–6.) In that case, the court considered contract-based claims under TCSOA §§ 393.201 and 393.204; the court found Rule 9(b) inapplicable, contrasting them to "other sections of the [TCSOA] that sound in fraud and must be pled with particularity," including §§ 393.304 & 393.305. 2011 WL 6719881, at *4. Although he cites the case, Plaintiff's brief contains no discussion of this language in *Ranzy* or its application to the case at hand.

representations were false; (5) the intent of the unknown speaker when making the representations; and (6) the content and context of the representations. (Docket Entry 13, at 7.)

As to most of these issues, Plaintiff's complaint is sufficiently particular, at least when read in the light most favorable to the plaintiff. *See Vavra*, 727 F.3d at 344. The complaint alleges that Plaintiff spoke with an agent of Defendant over the phone regarding its services in May 2022; that during said conversation, the agent advised that its services would include disputing various pieces of information on Plaintiff's credit reports and that, by doing so, such information would be removed and would no longer impact Plaintiff's credit, thereby improving his credit; that Defendant would be able to dispute and ultimately remove information from Plaintiff's credit report which was not inaccurate, obsolete, or otherwise properly subject to removal; and that Plaintiff could expect a 150-point increase in his credit score within a few months of signing up for Defendant's services. (Docket Entry 23 at 2–4, 6–7.) Plaintiff alleges that each of the above representations were false or deceptive, and that the representations were designed to convince Plaintiff that Defendant could remove the information that was harming his credit and thereby "convince him to make payment[s]." (*Id.* at 6.) It also sufficiently states that Plaintiff in fact relied on these false statements. *Cf. IAS Servs. Grp., L.L.C. v. Jim Buckley & Ass., Inc.*, 900 F.3d 640, 648 (5th Cir. 2018) (discussing detrimental reliance under Rule 9(b)).

On one point, however, the complaint is insufficiently specific: the identity of the person who spoke to Plaintiff. On this issue, Plaintiff states only that he "spoke with a representative of Defendant's whose precise name Plaintiff cannot immediately recall." (Docket Entry 23, at 3.) As to this detail, Plaintiff should be permitted to amend his complaint. As noted above, the complaint states that Plaintiff could not "immediately recall" the name of Defendant's representatives who made the misrepresentations; as his case has been pending for nine months,

9

he may now be able to recall the person's identity. Moreover, the parties are nearing completion of court-supervised discovery in this case (*see* Docket Entry 18, at 2); presumably the identity of the speaker has been disclosed during the course of that process. *Cf.* FED. R. CIV. P. 26(a)(1)(A) (requiring each party disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses"); *Benchmark Elecs., Inc..*, 343 F.3d at 724, 732 n.1 (although complaint stated that defendant's "representative" made false representations, parties later stipulated as to representative's identity). And if it turns out that the information regarding the identity of the person who spoke to Plaintiff remains "peculiarly within the defendant's knowledge or control,"[5] it may be appropriate to "relax[] the 9(b) rule." *Medve Energy Ventures LLC v. Warhorse Oil & Gas LLC*, No. 6:17-cv-01336, 2018 WL 7051038, at *6 (W.D. La. Nov. 21, 2018) (collecting cases).

## IV. Conclusion and Recommendation.

For the above reasons, I recommend that Defendant's motion (Docket Entry 13) be **GRANTED IN PART** and **DENIED IN PART**, and that Plaintiff be permitted to amend his complaint to provide further allegations as to the identity of Defendant's representative who made the alleged misrepresentations set out in his complaint.

## V. Instructions for Service and Notice of Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified

---

[5] The undersigned notes that Plaintiff's complaint alleges that Defendant's representative did not disclose his or her location at the time of the phone conversation. (Docket Entry 23, at 3; *cf.* Docket Entry 14, at 15 n.6.)

mail, return receipt requested.  Written objections to this Report and Recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file their objections, if any, with the Clerk of the Court, and serve said objections on all other parties.  Absent leave of the Court, **objections are limited to twenty (20) pages in length**.  An objecting party must specifically identify those findings, conclusions, or recommendations to which their objections are being made and articulate the basis for such objections; the district court need not consider frivolous, conclusory or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party—except upon grounds of plain error—from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on August 6, 2024.

_____
Henry J. Bemporad
United States Magistrate Judge